**Marshall Meyers (020584)**
**WEISBERG & MEYERS, LLC**
**5025 North Central Ave., #602**
**Phoenix, AZ 85012**
**602 445 9819**
**866 565 1327 facsimile**
**mmeyers@AttorneysForConsumers.com**
**Attorney for Plaintiff**

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cynthia Strang, | ) Case No. |
| | ) |
| Plaintiff, | ) **COMPLAINT AND TRIAL BY JURY** |
| | ) **DEMAND** |
| vs. | ) |
| | ) |
| NCO Financial Systems, Inc., | ) |
| | ) |
| | ) |
| Defendant. | ) |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d).

## III. PARTIES

3. Plaintiff, Cynthia Strang, is a natural person residing in Maricopa County.

4. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant, NCO Financial Systems, Inc., is a corporation engaged in the business of collecting debts by use of the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

6. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6) trying to collect a "debt" as defined by 15 U.S.C. §1692(a)(5).

## IV.  FACTUAL ALLEGATIONS

7. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant contacted Plaintiff in an attempt to collect an alleged outstanding debt. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

   a) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including misrepresenting the state of the law interpreting the FDCPA.  Defendant represented to Plaintiff, during a telephone call taking place within the preceding 12 months, that Defendant was allowed to call as much as it wants as long as Defendant does not leave a message on Plaintiffs answering machine. However, courts have interpreted the FDCPA to prohibit debt collectors from calling repeatedly with intent to harass, annoy or abuse, independent of whether a message is left (§ 1692e(10));

   b) Causing Plaintiffs telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff.  Defendant calls up to three times per day, and has not relented, even after Plaintiff asked Defendant to reduce the

       level of calling and made it clear to Defendant that the repeated calls would have no purpose other than to harass, annoy or abuse Plaintiff (§ 1692d(5));

c) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff, including inducing Plaintiff to make a payment with the promise of holding a settlement offer open for an additional period of time, then reneging on the promise to extend the settlement offer after payment.  During the initial telephone call between Plaintiff and Defendant, Defendant told Plaintiff that she had a limited time to accept a generous settlement offer on the debt.  Plaintiff told Defendant she did not have the money for the settlement offer at that time, but asked if they would extend the time wherein Defendant would accept the reduced amount as payment in full.  Defendant told Plaintiff that if she made a $200 payment that Defendant would extend the time wherein it would accept the reduced amount as settlement in full.  Plaintiff made the $200 payment.  Later, Plaintiff called Defendant to ask about the settlement and spoke to a different representative.  Plaintiff found that the representative she spoke with could not locate anywhere in her file that had been noted with an extension to any settlement offer, and the representative told Plaintiff that no settlement offers were on the table as of that day (§ 1692e(10));

d) In connection with an attempt to collect an alleged debt from Plaintiff, contacting a third party for purposes other than obtaining location information, including making inappropriate statements to Plaintiff's

daughter unrelated to obtaining location information. Within the last year, Defendant has spoken to Plaintiff's daughter and told her they need the name of Plaintiff's attorney and that Plaintiff's daughter needed to call back immediately with the information (§ 1692b & § 1692c(b)).

8.  Defendant's aforementioned violations of the FDCPA also constitute an invasion of Plaintiff's right to privacy, causing injury to Plaintiff's feelings, mental anguish and distress.

## COUNT I: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

9.  Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A.  Declaratory judgment that Defendant's conduct violated the FDCPA;
B.  Actual damages;
C.  Statutory damages;
D.  Costs and reasonable attorney's fees; and,
E.  For such other and further relief as may be just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Respectfully submitted this 25th day of March, 2010

By: s/ Marshall Meyers
Marshall Meyers (020584)
WEISBERG & MEYERS, LLC
5025 North Central Ave., #602
Phoenix, AZ 85012
602 445 9819
866 565 1327 facsimile
mmeyers@AttorneysForConsumers.com
Attorney for Plaintiff